NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TA-TANISHA CLAY, ) <br> ) <br> Defendant. ) <br> ) | Criminal No.: 06-887 (JLL) <br><br> **O R D E R** |

**LINARES, District Judge.**

The instant matter comes before the Court on the May 2, 2008, motion [CM/ECF #9] of Defendant Ta-Tanisha Clay ("Defendant") for a modification of her sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the recent "crack" cocaine amendments to the United States Sentencing Guidelines. Defendant requests that pursuant to United States Sentencing Guidelines Amendment 706, her sentence should be reduced from 24 to 18 months of confinement.

Defendant pled guilty to a single count of 18 U.S.C. § 4, misprision of felony, on November 1, 2007. The plea agreement stated that United States Sentencing Guideline § 2X4.1 applied in her case and that her base offense level was 34. (Plea Agreement at 6.) The terms of U.S.S.G. § 2X4.1 reduce the base offense level by 9 levels, but caps the resulting offense level at 19. Defendant's base offense level was 34; after application of U.S.S.G. § 2X4.1, the offense level would have been set to 25, an impermissible level under the terms of the Guidelines, so Defendant's resulting offense level was reset to 19 (prior to subsequent reductions reflected in

the plea agreement and not presently at issue).  Defendant's request for relief is unavailing here because, even after any application of the offense level reductions per Amendment 706 to the Sentencing Guidelines, Defendant's offense level would still exceed the cap of U.S.S.G. § 2X4.1, and would be reduced by operation of the Guidelines to an offense level of 19.  This Court may only provide relief under 18 U.S.C. § 3582 if the reduction would lower the applicable Guidelines range.  U.S.S.G. § 1B1.10(a)(2)(B); United States v. McFadden, 523 F.3d 839 840-41 (8th Cir. 2008); United States v. Wright, No. 93-386-5, 2008 WL 2265272, at *1 (June 3, 2008). Defendant is not, therefore, entitled to relief under Amendment 706 because a recalculation of her offense level would not result in a decrease in her Guidelines range.

IT IS on this 5th day of August, 2008,

**ORDERED** that Defendant's motion for a reduction of her sentence is DENIED.

Hon. Jose L. Linares
United States District Judge